IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CARLTON J. WALKER

   Petitioner,       CIVIL ACTION NO.: 6:17-cv-24

 v.

KEVIN SPRAYBERRY,

   Respondent.

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Carlton J. Walker ("Walker"), who is currently incarcerated at Hays State Prison in Trion, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence obtained in the Superior Court of Emanuel County, Georgia. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss. (Docs. 11, 12.) Walker filed Responses to the Motion to Dismiss. (Docs. 15, 16.) For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Walker's Petition, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Walker *in forma pauperis* status on appeal and a Certificate of Appealability.

**BACKGROUND**

On June 20, 2012, Walker pleaded guilty to two counts of armed robbery. (Doc. 10-1, pp. 4–5; Doc. 13-4, p. 1.) Walker was sentenced to 17 years to serve without parole, to run concurrently with any active sentence that he was currently serving. (Doc. 10-1, p. 4; Doc. 13-4, p. 1.) Walker did not pursue a direct appeal. Instead, on December 29, 2014, Walker executed

an out-of-time Motion to Modify/Reduce Sentence in the Emanuel County Superior Court. (Doc. 13-3.) The Emanuel County Superior Court denied this Motion on February 17, 2015, finding it both untimely and without merit. (Doc. 13-4.) On April 25, 2016, Walker filed a Motion to Correct/Void Sentence in the Emanuel County Superior Court. (Doc. 13-5.) Finding Walker's sentence consistent with Georgia law, the Emanuel County Superior Court also denied this Motion on June 12, 2017.[1] (Doc. 16-1, pp. 1–2.)

Walker filed an application for writ of habeas corpus in the Superior Court of Chattooga County, Georgia, on May 13, 2016. (Doc. 13-1.) The warden filed an answer on September 7, 2016. (Doc. 13-2.) As of April 17, 2017, no evidentiary hearing had been conducted. (Doc. 12-1, p. 1.) Walker executed this Section 2254 Petition on January 26, 2017, and it was filed in this Court on February 2, 2017. (Doc. 1.)

## DISCUSSION

In his Petition, Walker alleges that his plea was involuntary because he has a "mental health condition [that] prevented petitioner from understanding the plea," the Superior Court improperly sentenced him as a recidivist, and his public defender rendered ineffective assistance by "advising the petitioner to accept the Alford plea [while] knowing the plea was incorrect and illegal." (Doc. 1, pp. 5–6.)

Respondent contends that Walker untimely filed his Section 2254 Petition because he did not file it within one year of his Emanuel County conviction being "final." (Doc. 12-1, p. 2.) Respondent also argues that Walker did not properly exhaust his state remedies before filing his Petition with this Court. (Id. at pp. 5–7.) Walker filed Responses arguing that his public

---

[1] Walker does not provide an actual copy of the Order from the Emanuel County Superior Court, but provided the contents in his Response. (Doc. 16-1, pp. 1–2.)

defender refused to file a motion to withdraw his guilty plea, and the Emanuel County Superior Court incorrectly calculated his concurrent sentences. (Docs. 15, 16.)

I. **Whether Walker Timely Filed his Petition**

A petitioner seeking to file a federal habeas petition has one year within which to file his petition. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Walker's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Walker was sentenced in the Emanuel County Superior Court on June 20, 2012. (Doc. 1, p. 1.) Petitioner had thirty (30) days from the entry of judgment in which to file a notice of appeal. O.C.G.A. § 5-6-38(a). Walker did not file a notice of appeal, and thus, his conviction was final on July 20, 2012. Because Walker's conviction became final on July 20, 2012, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to Section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Walker's conviction became final on July 20, 2012. He had one year from that date, or until July 20, 2013, to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or collateral review. Walker executed his state habeas corpus petition on April 19, 2016, (doc. 13-1, p. 7), nearly three years after his conviction became final. By that time, the statute of limitations period applicable to Section 2254 petitions had expired. Consequently, the filing of his state habeas corpus petition did not toll the federal statute of limitations. On its face, Walker's Petition was filed untimely. However, the Court must now determine whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his Section 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *rev'd on other grounds,* 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Walker appears to allege that he did not previously appeal his Emanuel County conviction because his public defender advised him that he could not challenge his plea. (Doc. 15, pp. 1–2.) Walker states that his public defender then notified him in September 28, 2012, that Walker could challenge the plea by arguing that the sentence was void as a matter of law. (Doc. 15, pp. 3–4.) Even if this were the "extraordinary circumstance" required for equitable tolling, Plaintiff still had until July 20, 2013, to meet the applicable statute of limitations period. However, Walker did not file a motion in the Emanuel County Superior Court to challenge his sentence until April 25, 2016. (Doc. 13-5.) Walker offers no reason why he waited nearly three years after his state court conviction was final to file a motion with the Emanuel County Superior Court or to file a state habeas corpus petition.[2] Accordingly, Walker has not met his burden establishing his entitlement to equitable tolling.

For all of these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Walker's Petition as untimely filed.

---

[2] This analysis would not change even if the Court considered Walker's December 29, 2014 Motion to Modify/Reduce Sentence, (doc. 13-3), as the appropriate motion challenging his sentence in the Emanuel County Superior Court. Walker did not file this Motion until over two years after his state court conviction became final and over a year after the applicable statute of limitations expired. Therefore, Walker's Section 2254 petition is due to be dismissed under both of his post-conviction Motions.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Walker leave to appeal *in forma pauperis* and deny him a Certificate of Appealability ("COA").  Though Walker has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Walker's Motion and Respondent's Motion, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus the Court should **DENY** Walker *in forma pauperis* status on appeal.

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal and the Court should **DENY** the issuance of a Certificate of Appealability.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 12), **DISMISS** Walker's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Walker leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of February, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA